**SO ORDERED.**

**SIGNED this 03 day of March, 2010.**

_____
J. Rich Leonard
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| RONALD NEWELL DAY and<br>LAURA BARTON DAY, | 09-01418-8-JRL |
| | Chapter 12 |
| DEBTORS. | |

### ORDER

This case is before the court on the debtors' motion for modification of their confirmed chapter 12 plan, the United States Attorney's motion to declare the automatic stay terminated, and the trustee's motion to dismiss the case. On February 11, 2010, the court conducted a hearing on these matters in Raleigh, North Carolina.

The debtors filed a voluntary petition for relief under chapter 12 of the Bankruptcy Code on February 23, 2009. An order confirming the debtors' chapter 12 plan was entered on August 28, 2009. Among the creditors dealt with by the plan is the United States of America, Department of Agriculture, Farm Service Agency ("FSA"), with a claim of $968,314.53 secured by liens on the debtors' real property and on the debtors' farm machinery and equipment. Under the confirmed plan, the debtors must tender annual payments of $62,479.00 and $11,277.00 for the benefit of FSA by December 15 of each year, subject to a 30-day grace period. If the debtors fail to meet these obligations, the plan provides that the automatic stay will terminate as to FSA

without further court action.

It is undisputed that the debtors have not met their obligations to FSA under the terms of the confirmed plan. Although the debtors have made their best efforts to produce the funds and were able to remit $20,630.05 to the chapter 12 trustee on December 29, 2009, they are woefully behind in their payment obligations. Acknowledging the delinquency, the debtors ask the court to modify their chapter 12 plan by deferring payments due to FSA and to the Internal Revenue Service ("IRS") for one year.[1] In support of their motion, the debtors assert that a severe drought decreased the yield of their 2009 soy bean harvest by approximately 85 percent. FSA objects to the debtors' proposed modifications on the grounds that no disaster declaration for drought or any other disaster has been made for the county in which the debtors' farm is located and asks the court to declare the automatic stay terminated. The chapter 12 trustee supports the FSA's position indicating that the terms of the debtors' plan were fully negotiated, suggesting that the types of extraordinary circumstances that warrant overturning a final order are not present in this case, and asking that the debtors' case be dismissed for failure to make plan payments.

Based on the proffer before the court, the motion of United States Attorney to declare that the automatic stay is lifted as to FSA is ALLOWED. A settlement was negotiated only months before the default occurred, the terms of which were incorporated into a final order approved by this court. The debtors acknowledge the default, which is substantial and cannot be cured in a short time. Negotiated settlements must be given effect by the court, and if a party is unable to meet the terms they negotiated for in the settlement, then the consequences that are

---

[1] Under the terms of the plan, the debtors are obligated to make annual payments to the IRS in the amounts of $4,112.57 and $6,977.40. The IRS objects to the debtors' proposed deferment of payment.

called for in the order must prevail.  The debtors' motion to modify the chapter 12 plan is hereby DISMISSED, and the trustee's motion to dismiss is CONTINUED for 30 days so that the debtors can decide whether to convert their case to chapter 7 or to proceed with dismissal.

**"END OF DOCUMENT"**